4-5876                                          138 S. W. 2d 1039

Opinion delivered April 1, 1940.

*Graham Moore,* for appellant.

*R. W. Tucker,* for appellee.

MEHAFFY, J.   On May 12, 1937, the appellant borrowed $1,400 from the appellee, for which he gave his promissory note, with 6 per cent. interest, and on July 10, 1937, he executed another promissory note for $600. On May 12, 1937, the date on which the $1,400 note was given, the appellant and appellee entered into a contract reciting that Hall had loaned the sum of $1,400, evidenced by note of that amount payable in 90 days, with 6 per cent. interest after maturity, and said assignment to

secure the payment of said money, transferred and assigned to H. M. Hall certain property described in that assignment. The instrument provided that upon the payment of the note and interest, the collateral thereby assigned should be released, except lands in Chicot county which were to be retained by Hall, the consideration of Hall's one-half interest in said lands, being the expense Hall has incurred in making appraisals and other expenses in connection with the Chicot county lands. The title to the Chicot county lands was at the time in the State Investment Company as security for an indebtedness of approximately $911.

The Commonwealth Federal Savings & Loan Association had begun an action in the Independence chancery court to foreclose a chattel mortgage on the property assigned to Hall. On August 17, 1938, Hall filed an intervention in the suit of Commonwealth Federal Savings & Loan Association against Percifull and others. Hall alleged in his intervention the making of said notes and assignment agreement; alleged that nothing had been paid on either of the notes; that they were past due, and that the Commonwealth Federal Savings & Loan Association had brought suit, but alleged that the mortgage to said association had been satisfied in full and that Hall, therefore, had a first lien on the property. Percifull filed answer alleging that the notes had been paid, and thereafter filed an amendment, after the evidence was taken, alleging usury, also alleging that it was a Tennessee contract.

The evidence as to the indebtedness and the payments is not contained in the abstract. The appellant does not dispute that he owed the notes, and that the property mentioned in the assignment was assigned as security for the debt.

The court entered a judgment for Hall in the sum of $2,248, but the chancellor found that Percifull was entitled to an offset or credit against this amount in the sum of $460.11, said sum consisting of the payment of $201.39 with interest and the sum of $238.82 which had been expended by Percifull in connection with and on certain lands in Chicot county, Arkansas.

Appellant says in his brief: "The only question appellant will abstract and argue is whether the notes for $1,400 and $600, and the contract and assignment securing them were usurious contracts, and as such should not be enforced by the courts."

The notes and assignment do not show usury. The $1,400 note provides for 6 per cent. interest after maturity, and the $600 note does not provide for interest at all. There is no evidence abstracted tending to show that the contracts were usurious, whether they were Tennessee or Arkansas contracts.

The chancery court, therefore, correctly held that appellant was indebted to appellee in the sum of $1,400 and $600, and that Hall was entitled to recover on said contracts.

But the court also held that Percifull was entitled to a credit of $238.82 which had been expended by Percifull in connection with the Chicot county lands for the benefit of the intervener.

We think, in this, the court was in error. All the evidence shows that Hall was to get a one-half interest in the lands for moneys that he had expended. Hall disclaimed any interest in the lands in Chicot county and there is no evidence in the record that Percifull was to be paid any expenses incurred by him with reference to the Chicot county lands, and there is a cross-appeal by appellee as to this item.

The appellant states in his reply brief: "If the contract was not a usurious contract, the chancellor had no authority to divest appellee of the interest given him in the contract and if the contract was usurious, under the rule in *Ellis* v. *Crowe,* he had no authority to enforce the contract."

The appellant also says in his reply brief that the explanation of the court's action with reference to the Chicot county lands is that it was not thoroughly argued before the chancellor, because he says if it had been, the chancellor would not have entered such an inconsistent decree.

It is agreed by both parties that that part of the decree of the court giving Percifull credit for $238.82 is inconsistent with the other parts of the decree.

There were some other items of credit to which the court held that Percifull was entitled, and the evidence is not abstracted, and it must be presumed that there was sufficient evidence on which to base the finding of the chancellor as to these items.

As we have already stated, the only contention of appellant is that the contracts were usurious, and were therefore void. The lower court not only held that the contracts were not usurious, but there is no evidence in the record tending to show usury.

Since the finding of the court allowing credit to Percifull of $238.82 is reversed, that amount must be added to the net amount found by the chancellor. This equals $2,025 for which Hall should have had judgment.

The decree of the chancellor will be modified so as to give judgment here for $2,025. The amount is a few cents in excess of this, but the appellee says the decree should be for $2,025. It is, therefore, affirmed as modified, for $2,025 on appeal, and reversed on cross-appeal.